**FILED**
**OCTOBER 20, 2022**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Tax Foreclosure Sale Surplus of 58 ROSEHAVEN CIRCLE, REPUBLIC, WASHINGTON (FERRY COUNTY) PARCEL NO. 23824210001000). | ) ) ) ) ) ) | No.  38318-1-III |
| IRWIN LAW FIRM, INC., a Washington State Legal Entity, and CHRISTAL OLIVIA IRWIN, Principle Attorney. | ) ) ) ) ) | UNPUBLISHED OPINION |
| Appellants, | ) ) | |
| v. | ) ) | |
| FERRY COUNTY TREASURER ROCHELLE RODAK, and FERRY COUNTY PROSECUTOR KATHRYN ISABEL BURKE, | ) ) ) ) ) | |
| Respondents. | ) | |

LAWRENCE-BERREY, J. — Christal Olivia Irwin and Irwin Law Firm, Inc. (ILF) appeal the dismissal of their petition for a writ of mandamus and the denial of their motion to shorten time and amend their complaint.  We dismiss the former as moot and affirm the latter.

FACTS

In 2016, ILF represented Andre Becklin in a civil lawsuit against Richard Green. Mr. Green had shot Mr. Becklin in the face, causing him serious permanent injuries. ILF obtained a default judgment on behalf of its client for over $500,000, including $10,950 in attorney fees.

In September 2018, the Ferry County Treasurer's Office sent a letter to ILF and others with an interest in a parcel of property owned by Mr. Green.[1] The letter notified ILF that Ferry County was foreclosing against the parcel because Mr. Green was delinquent in paying his property taxes. It also said Ferry County was seeking an order authorizing the sale of the property, and the sale would provide the new purchaser title free and clear of most liens.

Days later, Ms. Irwin faxed to the Ferry County Prosecutor's Office a copy of Mr. Becklin's judgment and ILF's claim of lien for attorney fees.[2] Ms. Irwin indicated she would record the claim of lien and asked the prosecutor's office to let her know what position it would take with respect to it. The prosecutor's office did not respond. A

---

[1] Becklin's superior court judgment created a judgment lien against Mr. Green's real property in Ferry County. *See* RCW 4.56.190.

[2] We note that RCW 60.40.010(1), the attorney fee lien statute, does not permit an attorney fee lien against an adverse party's real property.

2

couple of months later, Ms. Irwin learned that Mr. Green's parcel had been foreclosed and there was $16,795.12 in surplus funds after payment of the county's judgment for unpaid taxes.

Almost one year later, in October 2019, Ms. Irwin spoke to the Ferry County treasurer about the surplus funds. The treasurer said she would speak to the prosecutor's office and send Ms. Irwin an e-mail. Ms. Irwin did not receive an e-mail and left multiple voicemails with the treasurer's office over the next several months.

In November 2020, Ms. Irwin and ILF filed a petition for a writ of mandamus, naming as respondents the Ferry County treasurer and the Ferry County prosecuting attorney (the County). Ms. Irwin and ILF (the petitioners) argued that the Ferry County treasurer had failed to follow the procedures of RCW 61.24.080, which concerns deed of trust foreclosure sales. The County did not timely respond, so the petitioners noted for hearing their request that the court issue a writ of mandamus.

Shortly before the hearing, the County filed its answer to the mandamus petition and moved to dismiss it. The County argued that the petitioners had not requested the court to direct the prosecutor's office to perform any act and that the treasurer had no duty to act under the circumstances. It noted that the statutory authority relied on by the petitioners related to a trustee's sale, not a treasurer's duties under RCW 84.64.080,

3

which relates to foreclosure for nonpayment of property taxes. It argued that the treasurer had performed all duties under the correct statute and the petitioners had not established they were entitled to the relief sought. The County noted its motion to dismiss for April 19, 2021.

Prior to then, the petitioners continued their default motion, moved to continue the County's motion to dismiss, moved for sanctions against the County, and filed a declaration and briefing in support of their motions. In her declaration, Ms. Irwin explained why she cited RCW 61.24.080 in her petition. She said she was aware of RCW 84.64.080 in late 2020, but explained she assumed Ferry County would distribute the surplus funds in accordance with the deeds of trust act, chapter 61.24 RCW, because RCW 84.64.080 did not set forth how surplus proceeds are distributed.[3]

On April 19, the trial court heard argument. It ruled that because the County's motion included pleadings outside the record, it needed to be treated as one for summary judgment, which required providing the petitioners additional time to respond. The court

---

[3] Yet RCW 84.64.080(10) provides, "If the highest amount bid . . . exceeds the minimum bid due . . . *the excess must be refunded . . . on application therefor, to the record owner of the property.*" (Emphasis added.)

Because the surplus funds held by the treasurer belonged to Mr. Green, ILF could have obtained those funds for Mr. Becklin by garnishing them to partly satisfy his judgment. *See* RCW 6.27.060.

ordered the County's motion to be reset to May 10, 2021, reserved the petitioners' request for sanctions, and ordered the petitioners to file their response 11 days before the reset hearing.

On May 4, 2021, the petitioners filed their response, which was a motion to shorten time and amend their complaint. The proposed amendment sought to add four new claims: the first, a vague claim that the prosecutor had failed to respond to a public records request within five business days[4]; the second, a claim that the statutory extinguishment of ILF's "superior lienholder" interest under RCW 84.64.080 effects a compensable taking; the third, a claim for unjust enrichment against the County, premised on its failure to have a policy of notifying foreclosed property owners that they could apply for surplus funds; and a fourth, a claim that the surplus funds must be distributed in

_____

[4] On April 16, 2021, the petitioners sent out three requests for production to the County. The request mirrored a typical discovery pleading and was directed to the County by way of e-mail to its prosecuting attorney. In general, the requests sought documents to establish that Ferry County lacked procedures to properly notify foreclosed property owners that they had a right to apply for the surplus funds after sale of their foreclosed property. The request for production contained a sentence, easily overlooked, which stated: "As this request is propounded to a public entity please consider this also a renewed request under the Washington State Public Records Act [PRA] (RCW 42.56)." Clerk's Papers (CP) at 90. Apparently, the County did not respond to the request for documents within five days, which is the PRA claim the petitioners sought to assert.

accordance with the deeds of trust act, chapter 61.24 RCW.  The prayer for relief

requested the trial court to issue a

> *Writ of Mandamus* directing the Ferry County Prosecutor to disclose all
> requested information; and that the County Treasurer identify, and deposit
> and index the surplus funds from the sale of [Mr. Green's foreclosed
> parcel]; and that [petitioners] be granted disbursement or [sic] from that
> surplus in full satisfaction of attorney lien, per RCW 61.24.080(3), as well
> as the costs of bringing this petition, and additional relief as the Court may
> deem just.

Clerk's Papers (CP) at 126 (alteration in original).

### *May 10, 2021 hearing on the County's motion to dismiss*

The County first argued against the motion to amend.  It argued the PRA was not

implicated because the petitioner's requests were not for identifiable public records but

rather for legal advice about how to claim surplus funds.  It also noted that a mandamus

action was inappropriate for a PRA claim because there were other avenues for the

petitioners to obtain relief, which were enumerated in the PRA.  It objected to the

"takings" claim because Mr. Green was the proper party for that claim, and ILF did not

represent him and had previously represented an adverse party.  It objected to the relief

sought of voiding the statute and noted that a writ of mandamus was not the appropriate

mechanism for doing this.

6

The County next addressed its own motion to dismiss. Regarding the prosecutor's office, it noted that the petition did not ask the prosecutor to perform any action. Regarding the treasurer's office, the County argued the treasurer had fully complied with the relevant statute, RCW 84.64.080, and ordering her to comply with a different statute would violate the law.

The petitioners argued that a public records request does not have to be made in writing and that if the prosecutor had simply indicated she could not help her, "we would not be here today." Report of Proceedings (May 10, 2021) (RP) at 53. They asserted the treasurer failed to publish information about how to claim a tax sale surplus and argued that the application process should be "clear and undisputable," and that the process for tax foreclosures in RCW 84.64.080 "treads on the constitutional rights of those who are interested parties" including Mr. Green, as compared to the clear process for deeds of trust foreclosures in RCW 61.24.080. RP at 55-56.

The trial court asked the petitioners if they represented Mr. Green. After confirming they did not, the court indicated that a writ of mandamus was "not the appropriate place to raise a constitutional challenge to the law" and asked the petitioners to address the "clear duty" the treasurer had failed to do. RP at 57.

7

The petitioners said they were asking the court to "deposit the surplus and index it in the name of the record owner," the procedure in RCW 61.24.080, "in the absence of a discernable application process under RCW 84.64[.080]." RP at 58. They argued the treasurer's duty to establish an application process was implied in the statute's reference to an application.

The court responded that "an implication is not a clear duty." RP at 66. It further responded:

> [A] *writ of mandamus* is an extraordinary relief and you have not provided me anything to hang my hat on with respect to that. . . . I don't have anything that says [what] you are asking me to make [the treasurer] do. . . .
>    I could agree all day long that there's some kind of constitutional issue or the statute is ambiguous, but that's not the standard on a *writ of mandamus*.

RP at 66-67 (alterations in original).

When the petitioners brought up their motion to amend, the court indicated that they did not have standing to bring a constitutional argument on behalf of Mr. Green, the property owner. The court explained that it was granting the County's motion to dismiss "because you flat just don't have a case, Ms. Irwin." RP at 69. A written order was subsequently entered.

That written order provides reasons for the denial of petitioners' motion to shorten time and motion to amend. With respect to the motion to shorten time, the order explains

8

that the motion was not properly before the court because the petitioners had failed to obtain an order shortening time prior to the motion. With respect to the requested amendments, the order explains that the amendments would be futile because (1) a challenge to the constitutionality of a statute may not be raised in a mandamus action, (2) the petitioners have no standing to assert the rights of a person who may not have been informed how to apply for surplus funds, and (3) the PRA and takings claims may not be pursued in a mandamus action because there are other plain, speedy, and adequate legal remedies for those claims.

After entry of this order, the petitioners timely appealed.

## ANALYSIS

CLAIM TO THE SURPLUS FUNDS

The County contends this appeal is moot because Mr. Green has claimed the tax sale surplus funds. We agree with respect to the claims against the surplus funds. An appeal is moot if the court cannot provide any effective relief. *City of Sequim v. Malkasian*, 157 Wn.2d 251, 258-59, 138 P.3d 943 (2006).

Here, the petitioners requested the court order the treasurer to deposit and index the excess tax foreclosure sale funds with the clerk of the court in accordance with

9

RCW 61.24.080.[5]  However, while the appeal was pending, Mr. Green applied for and was granted the excess funds from the tax foreclosure sale.  Decl. of Kathryn I. Burke at 2, *In re Tax Foreclosure Sale Surplus of 58 Rosehaven Circle*, No. 38318-1-III (Wash. Ct. App. Feb. 18, 2022).[6]  We cannot order the County to do anything with funds not in its possession.  We therefore cannot grant the petitioners any effective relief and this appeal is moot with respect to the claims against the surplus funds.

However, we have discretion to decide a moot appeal if it involves a matter of continuing and substantial public interest.  *In re Det. of M.W.*, 185 Wn.2d 633, 648, 374 P.3d 1123 (2016).  Petitioners argue we should address the constitutional argument raised in their amended petition because people delinquent in paying their property taxes are

---

[5] The petitioners allege a number of errors on appeal, including principally a challenge to the constitutionality of RCW 84.64.080.  Nevertheless, the relief they request is for the treasurer to deposit and index the excess tax sale funds with the clerk of the court.

[6] The petitioners moved to strike this declaration, arguing we cannot consider evidence not in front of the trial court when reviewing a motion for summary judgment. In denying the motion to strike, our commissioner reasoned that the County "did not introduce this additional evidence to support their arguments regarding the merits of the appeal, but instead included the declaration in support of their motion to dismiss the matter as moot."  Comm'r's Ruling at 4, *In re Tax Foreclosure Sale Surplus of 58 Rosehaven Circle*, No. 38318-1-III (Wash. Ct. App. Apr. 28, 2022).  The petitioners did not move to modify this ruling.

disproportionately poor and unrepresented, and therefore adversely impacted by

RCW 84.64.080's lack of clarity.

Petitioners fail to explain why they are entitled to raise this argument. "A litigant

cannot assert the legal rights of another person and must have a real interest before

bringing a cause of action." *Forbes v. Pierce Cnty.*, 5 Wn. App. 2d 423, 433, 427 P.3d

675 (2018) (citing *Dean v. Lehman*, 143 Wn.2d 12, 18-19, 18 P.3d 523 (2001)).

Petitioners are neither poor, unrepresented, nor were they the parcel owner (who might

not understand how to claim surplus funds under the statute). We decline to address their

constitutional argument.

DENIAL OF MOTION TO SHORTEN TIME AND FILE AMENDED COMPLAINT

The petitioners argue the trial court erred by denying their motion to shorten

time and to file an amended complaint. They argue the trial court abused its discretion

by not allowing them to add their first and second claims, i.e., the County violated the

PRA, and the statutory extinguishment of ILF's "superior lienholder" interest under

RCW 84.64.080 effects an unconstitutional taking. *See* Br. of Appellant at 18. These

two claims are not rendered moot by the unavailability of the surplus funds. If the

petitioners prevail on these claims, a court can provide them effective relief.

11

The County does not argue the trial court properly denied the petitioners' motion to shorten time. We therefore do not address that issue.

The decision to grant or deny a motion to amend a pleading under CR 15(a) is a matter of trial court discretion. *Wilson v. Horsley*, 137 Wn.2d 500, 505, 974 P.2d 316 (1999). A trial court does not abuse its discretion by denying a motion to amend if the proposed amendment is futile. *Nw. Animal Rights Network v. State*, 158 Wn. App. 237, 247, 242 P.3d 891 (2010).

An applicant for a writ of mandamus must satisfy three elements before a writ will issue: (1) the party subject to the writ is under a clear duty to act, (2) the petitioner has no plain, speedy and adequate remedy in the ordinary course of law, and (3) the petitioner is beneficially interested. *King Cnty. v. Sorensen*, No. 100731-1, slip op. at 6 (Wash. Sept. 8, 2022), https://www.courts.wa.gov/opinions/pdf/1007311.pdf. An adequate remedy exists if the petitioner has a process by which to seek relief. *Pimentel v. Judges of King County Superior Court*, 197 Wn.2d 365, 373-74, 482 P.3d 906 (2021); *Riddle v. Elofson*, 193 Wn.2d 423, 436, 439 P.3d 647 (2019).

With respect to the petitioners' PRA and takings claims, the trial court concluded that petitioners had an adequate remedy in law because both claims could be pursued in a separate action. The petitioners do not challenge this conclusion. Rather, they argue they

12

No. 38318-1-III
*In re Tax Foreclosure*

should not be required to pursue a separate action because to do so would result in delay and expense. This argument is unpersuasive. A remedy is not inadequate merely because it is attended with delay, expense, annoyance, or even some hardship. *Pimentel*, 197 Wn.2d at 376; *Burrowes v. Killian*, 195 Wn.2d 350, 356, 459 P.3d 1082 (2020).

We affirm the trial court's denial of the petitioners' motion to amend.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:


_____        _____
Siddoway, C.J.                                         Fearing, J.

13